## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| BUILDERS HOLDING CO., CORP., | CASE NO. 16-06643-EAG |
| DEBTOR. | Chapter 7 |
| _____ | |
| NOREEN WISCOVITCH RENTAS, Trustee for the Estate of BUILDERS HOLDING CO., CORP., | |
| PLAINTIFF, | ADV. PROC. NO. 17-00012 |
| v. | |
| ORIENTAL BANK and the PUERTO RICO FINANCING AUTHORITY | FILED & ENTERED ON 11/5/2020 |
| DEFENDANTS. | |
| MAPFRE PRAICO INSURANCE COMPANY AND ENDURANCE ASSURANCE, | |
| INTERVENOR-PLAINTIFF, | |
| v. | |
| ORIENTAL BANK, BUILDERS HOLDING CO., CORP., and the PUERTO RICO FINANCING AUTHORITY, | |
| INTERVENOR-DEFENDANTS. | |
| ORIENTAL BANK, | |
| COUNTER-CLAIMANT, | |
| v. | |
| BUILDERS HOLDING CO., CORP., and MAPFRE PRAICO INSURANCE COMPANY AND ENDURANCE ASSURANCE, | |
| COUNTER-DEFENDANTS. | |

## OPINION AND ORDER

On March 31, 2020, the court ordered Oriental Bank to turn over $464,757.60 it had setoff prepetition from the account of the debtor to the chapter 7 trustee and MAPFRE. Pending before the court is Oriental Bank's motion for reconsideration of that order. For the reasons stated below, the motion for reconsideration is denied.

### I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). [1]

### II. PROCEDURAL BACKGROUND

The complete procedural background of this adversary proceeding prior to the opinion and order of March 31, 2020 may be found in that opinion and order and, thus, will not be repeated here.  [Adv. Proc. Dkt. No. 138]

On April 14, 2020, Oriental Bank moved the court to reconsider the opinion and order granting summary judgment in favor of the chapter 7 trustee, MAPFRE PRAICO Insurance Company and Endurance Assurance Corporation, and the Puerto Rico Financing Authority. [Adv. Dkt. No. 140.]  On the same date, MAPFRE moved the court to amend the ruling.  [Adv. Dkt. No. 141.]

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

On April 27, 2020, MAPFRE opposed Oriental Bank's motion to reconsider and Oriental Bank opposed MAPFRE's motion to amend. [Adv. Dkt. Nos. 142 & 143.]  On April 29, 2020, Oriental Bank requested leave to file a reply to MAPFRE's opposition to the reconsideration. [Adv. Dkt. No. 145.]

On May 22, 2020, MAPFRE filed a supplement to its motion to amend the opinion and order. [Adv. Dkt. No. 147.]  On the same date, the trustee opposed Oriental Bank's motion to reconsider. [Adv. Dkt. No. 148.]  On May 25, 2020, the trustee joined MAPFRE's supplement at docket number 147. [Adv. Dkt. No. 149.]  On June 17, 2020, the Financing Authority joined the oppositions filed by MAPFRE and the trustee at docket numbers 142 and 146, respectively. [Adv. Dkt. No. 150.]

On September 30, 2020, the court scheduled a hearing for November 4, 2020 to consider the pending motions. [Adv. Dkt. No. 151.]  The court requested the parties to come prepared to address the request by MAPFRE to amend the court's ruling, as joined by the trustee. [Id.]  On November 2, 2020, the trustee and MAPFRE withdrew their request for the court to amend the ruling. [Adv. Dkt. Nos. 153 & 154.]  As a result, the court set aside the November 4, 2020 hearing and took the matter under advisement. [Adv. Dkt. No. 155.]

### III. RULE 59(e) STANDARD

Bankruptcy Rule 9023 incorporates Rule 59 and allows the court to alter or amend a judgment. Under Rule 59(e), reconsideration "must be based upon newly discovered evidence or a manifest error of law or fact." Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012).  There are four grounds to grant reconsideration: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005). "The granting of a motion for

reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).

Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). "Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." Id. "[A] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006).

## IV. APPLICABLE LAW AND DISCUSSION

Oriental Bank moves the court to reconsider its decision arguing that: (i) it properly setoff the funds from the debtor's bank account under the Commercial Transactions Act (CTA); (ii) neither the Financing Authority nor the debtor satisfied the elements necessary to establish a claim against Oriental Bank for restitution; (iii) the Financing Authority failed to meet the ELA v. Crespo Torres requirements for restitution;[2] and (iv) even if the Financing Authority had established a claim for restitution against the debtor, the fact that the payment was made in error is irrelevant because Oriental Bank's right to setoff is superior and has priority over any secured or unsecured claim against the debtor. All these four grounds amount to a Rule 59(e) argument that the court committed manifest errors of law.

Oriental Bank's first and fourth grounds were already argued in its motion for summary judgment and rejected by the court. As ruled in the opinion and order, Oriental Bank did not properly setoff the funds in the debtor's account because the money did not

---

[2] 180 P.R. Dec. 776, 793-94 (2011).

belong solely to the debtor. And contrary to Oriental Bank's assertion, the error in payment is far from irrelevant. The error in payment by the Financing Authority into the debtor's account at Oriental Bank was the dispositive issue in this case.

The second and third grounds for reconsideration raised by Oriental Bank could and should have been presented and developed by it prior to the court's ruling. Although Oriental Bank mentioned the restitution arguments of the opposing parties at the summary-judgment stage of the proceedings, it did so only in a cursory and vague manner. As motions for reconsideration cannot be used to bring forth new arguments, those are deemed waived. Nonetheless, those arguments were raised by the opposing parties and formed the basis of the court's ruling.

As a result, Oriental Bank has failed to meet the Rule 59(e) standard and its motion for reconsideration is denied.

**V. CONCLUSION**

Based on the above, the motion for reconsideration filed by Oriental Bank [at Adv. Dkt. No. 140.] is denied.

In Ponce, Puerto Rico, this 5th day of November 2020.

SO ORDERED.

Edward A. Godoy
U.S. Bankruptcy Judge

5